No. 3472.—STATE OF LOUISIANA ex rel. GEO. ALBAN et als. *v.* JAMES GRAHAM, State Auditor.

In a case where the Legislature has by law authorized the making of a contract to improve and clean out a navigable stream, and has made an appropriation therefor, the Auditor of Public Accounts is not authorized to issue certificates of indebtedness for such work or parts thereof, as may appear to have been done in conformity with the requirements of the act authorizing it. Section 187 of the Revised Statutes of 1870, which authorizes the Auditor to issue his certificates for all just indebtedness against the State, which is not provided for by law, does not apply to such a case, because its payment is provided for by appropriation of bonds of the State. A mandamus will not therefore lie against the Auditor to compel him to give certificates of indebtedness in such a case.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. Wooldridge & Thomas,* for relators and appellees. *Hornor & Benedict,* for the Auditor. *S. Belden,* Attorney General, for the State.

WYLY, J. The defendant appeals from the judgment rendering peremptory the mandamus sued out in this case, to compel him to issue to the relators $50,000 of State certificates as an alleged indebtedness resulting from a contract which they say they made for improving the navigation of Red River, pursuant to act No. 59 of the acts of 1868.

The defense is:

*First*—There is no ground for the mandamus, as the act No. 59 provides for the issuance of bonds for the payment of the contemplated work, and the Governor having refused to sign them the respondent can not deliver them to the relators; and as the law has made a special appropriation of bonds for the payment of the contemplated work, the respondent is without power to issue certificates of indebtedness.

*Second*—That act No. 59 of 1868, violates article 111 of the constitution.

*Third*—The respondent specially denies that any valid contract was

made, or that the provisions of said act have been complied with, or that the certificates of the commissioners called for by said act were ever presented to him. He also pleads the general denial.

Act No. 59, authorizing certain works to be done to improve the navigation of Red River, provides—

Section 2. "That in order to have the above works completed during the present low water, Wm. S. Mudgett, M. H. Crowell and Charles W. Keeting be and are hereby appointed commissioners on behalf of the State, and hereby authorized to employ a competent engineer, and to have him without delay to examine said work and prepare plans and specifications of the work to be done, and to make the same so as to show the proposed and necessary work in convenient sections, with estimates of the proper cost of each section and of the whole work.

Section 3. " That as soon as said estimates, plans and specifications, are prepared, said commissioners shall and they are hereby authorized. to contract in the name of the State of Louisiana, with a competent person or persons, to do said work according to such plan and specifications, payable in installments at the completion of each section, and upon the certificates of said commissioners that the section has been completed according to contract."

Sections 4, 5 and 6 relate to the bonds to be issued to the contractor in payment of the work.

Section 7 provides that the commissioners mentioned in the act shall turn over the management of the work to the Board of Public Works as soon as they organize, and they "shall do all things required to be done by said commissioners by this act."

It will be observed that the debt for the contemplated work is only payable on "the certificates of said commissioners; that the section has been completed according to contract," and that the Board of Public Works, when organized, shall supersede the commissioners named in the act, and "shall do all things required to be done by said commissioners." * * * Therefore, in order to obtain the bonds according to the act, the contractors must produce the certificate of the commissioners, or of the Board of Public Works, " that the section has been completed according to contract."

This has not been done ; and without it the relators would not be entitled to the bonds appropriated by the act under which the work was authorized. There is no satisfactory evidence in the record that the relators ever made a contract pursuant to the requirements of the statute, or that they have completed the section for which they demand payment, according to the contract.

The relators have not presented a case entitling them to be paid, according to the express terms of act No. 59 of the acts of 1868.

Where the law has made an appropriation of bonds as in the statute .

before us, the Auditor is not authorized to issue certificates under the general mandate mentioned in sec. 187 of the Revised Statutes of 1870.

We think he very properly refused to comply with the demand of the relators, and the court *a qua* erred in granting the mandamus and in making it peremptory.

Let the judgment appealed from be annulled, and let the mandamus be disallowed and the petition be dismissed at the costs of the relators in both courts.

Rehearing refused.